CASE 30—PETITION EQUITY—FEBRUARY 4.

# Holt vs. Thompson.

### APPEAL FROM KENTON CIRCUIT COURT.

1. In a suit by an assignee of a *chose in action* to recover against the assignor on the contract of assignment, it is not necessary for the plaintiff to aver the consideration; and if the amount of the consideration is not shown by the pleadings on either side, the recovery should be for the amount of so much of the debt assigned as remained uncollected. (*Section 7, chapter 22, 1 Revised Statutes,* 269.)

2. The case in 16 *B. Mon.,* 343, which decides differently, overruled.

A. DUVALL, for appellee, cited 16 *B. M.,* 343; 2 *Bibb,* 424; 1 *Stat. Law,* 152; 2 *Litt.,* 139; 1 *Rev. Stat., p.* 269.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Holt assigned to Thompson a note on O. W. and R. B. Cowles for three hundred and forty dollars. Thompson, with due diligence, prosecuted the obligors to insolvency, and then brought this suit against his assignor to recover. On the assignment he does not set out the amount or nature of the consideration, but sets out the written assignment without even averring it was for a valuable consideration. No answer was put in, and judgment by default was rendered for the amount of the note, with interest and costs. Appellant now asks a reversal.

In the case of *Elliott vs. Threlkeld,* 16 *B. Mon.,* 343, this court held, that it was essential to a recovery by the assignee from his assignor, that he should set out "*the nature and amount of the consideration;*" and that a "statement in the petition that the assignment had been made for a valuable consideration, would not have been sufficient." But no reference in that case is made to the provisions of section 7, chapter 22, 1 Stanton's Revised Statutes, page 269, which expressly enacts that, "in an action on any assignment of a writing, it shall not be necessary to aver the consideration for the assignment;" and we must presume that this important enactment was then overlooked by the court.

Whilst the assignor may still show the amount and nature

of the consideration, and limit the recovery against him accordingly, yet, in the absence of any such showing by either party, it is scarcely susceptible of a doubt, that, under the provisions of the above statute, the recovery should be for the amount of the note assigned, with interest and legal costs, or so much thereof as remains uncollected after due diligence by suit.

Since the enactment of this statute, it is only necessary to set out the assignment, without even averring that it was upon a valuable consideration, as this is to be presumed from the assignment. The case of *Elliott vs. Threlkeld* is therefore overruled, and the judgment in this case affirmed.